THERESA FALKE MAHNKEN, Plaintiff, *v.* FRED W. SEYBOLT, GEORGE FALKE and "JOHN DOE," Said Name Being Fictitious, True Name Being Unknown to Plaintiff, Person Intended Being the Person Now in Possession of the Chattels Herein Sought to Be Recovered, Defendants.

City Court of New York, Bronx County, June 1, 1932.

*Francis V. McHugh,* for the plaintiff.

*William K. Kerr,* for the defendant Seybolt.

DONNELLY, J. The defendant Seybolt has failed to show any facts which may be deemed to present any triable issue of fact.

The action is in replevin. The subject-matter of the action consists of two bank books representing trust accounts opened by plaintiff's mother, in which the plaintiff is named as the beneficiary. Plaintiff's mother died September 22, 1930. None of these facts is disputed. There is no serious attempt to deny: (1) That in the early part of April, 1928, at plaintiff's home, her mother delivered to plaintiff a bank book of the East River Savings Bank entitled, " Lizzie Falke, in trust for my daughter, Tessie Falke;" (2) that in October, 1929, in the presence of plaintiff's husband, the decedent delivered to plaintiff a bank book of the Central Savings Bank entitled, " Lizzie Falke, in trust for my daughter, Theresa Mahnken;" (3) that both of these bank books remained in plaintiff's possession until after the death of her mother; (4) that two days after the death of the decedent, plaintiff's husband, without her knowledge, delivered the bank books to her brother, George Falke, upon the latter's plea that he needed possession of the bank books in the settlement of his mother's affairs; (5) that thereafter the bank books came into the possession of the defendant Seybolt, who is the executor of the estate of plaintiff's mother, and who, upon demand being made upon him for the return thereof to plaintiff, refused to comply therewith, stating that he was retaining the bank books on the advice of his attorney as assets of the estate of the decedent.

The claim that the plaintiff's husband is indebted to the decedent's estate on certain promissory notes, and that the plaintiff insisted that the moneys on deposit in the savings bank accounts should be credited on such notes, is wholly immaterial upon the only question presented by the papers on this motion, namely, is there any substantial denial by the defendant that an irrevocable trust in the savings bank accounts was created in plaintiff's favor by the decedent during her lifetime. The same observation applies to the deposits subsequent to April, 1928, by the decedent in one of those accounts of checks aggregating $825. There is nothing before me to show that before her death, plaintiff's mother, by some positive act or declaration or disaffirmance, revoked either of the trusts created for her daughter. In the absence of such evidence, a presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor. (*Matter of Totten*, 179 N. Y. 112.) Motion for summary judgment granted, with ten dollars costs. Submit order on two days' notice.